IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GARY GENE ELSWICK, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 25-4079-BAH |
| PROCARE AMBULANCE OF MARYLAND, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gary Gene Elswick ("Plaintiff" or "Elswick") brought suit against Procare Ambulance of Maryland, Inc. ("Defendant" or "Procare")[1] alleging Title VII and state tort claims related to a series of events that occurred while Elswick was employed as an emergency medical responder, which apparently ended in Elswick's termination. ECF 1. Pending before the Court is Defendant's motion to stay this case pending the outcome of Elswick's state court appeal.[2] ECF 12. Elswick filed an opposition, ECF 13, along with a motion for leave to file his opposition out of time, ECF 15, and two notices of supplemental exhibits in support of his opposition, ECFs 14 and 16. Procare filed a reply, ECF 18, along with a motion for extension of time to file a responsive pleading to Elswick's complaint, ECF 17. The motion to stay and related opposition filings include

---

[1] The complaint incorrectly capitalizes the "c" in "Procare." *See* ECF 1, at 1. The Clerk will be directed to amend the docket to reflect the correct capitalization.

[2] The state court case is captioned *Gary Elswick v. William Rogers*, Case No. D-07-CV-25-012960.

exhibits.[3]  The Court has reviewed all relevant filings and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  Accordingly, for the reasons stated below, Elswick's motion to file his opposition out of time is **GRANTED**, Procare's motion to stay is **GRANTED**, and Procare's motion for extension of time to respond to the complaint is **GRANTED** in part.

I.  **BACKGROUND**

Elswick filed the complaint on December 11, 2025, asserting ten counts against Procare arising out of his employment with and ultimate termination from Procare as an emergency medical responder.  ECF 1, at 7–10.  Elswick requests compensatory and punitive damages and reinstatement to his former position "or, in the alternative, front pay in lieu of reinstatement," among other things.  *Id.* at 10–11.  Procare executed a waiver of service in early January of 2026.  ECF 10.

On January 22, 2026, Procare filed a motion to stay this case pending the outcome of a related state court case filed by Elswick in the District Court of Maryland in April of 2025, captioned *Gary Elswick v. William Rogers*, Case No. D-07-CV-25-012960.  ECF 12, at 2 ¶ 4.  Elswick brought his state court complaint against William Rogers, Procare's Director of Operations, alleging that Rogers "was liable for sex-based discrimination/harassment and retaliation by virtue of actions he took as Procare's Director of Operations."  *Id.* ¶ 5.  Procare asserts that the state court complaint arises "from the same transactions and occurrences" as Elswick's complaint filed in this Court.  *Id.*

On September 15, 2025, a trial was held in the state court case.  *Id.* ¶ 7.  At the conclusion of trial, Rogers moved for judgment on all claims and the trial judge granted Rogers' motion, entering judgment for Rogers on all counts.  *Id.* ¶ 8.  On October 15, 2025, Elswick noticed an

---

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

appeal to the Circuit Court for Anne Arundel County, which was docketed in that court on January 20, 2026. *Id.* at 2–3 ¶ 9. That appeal is currently pending, and Elswick's opening brief is due on or before February 19, 2026. *Id.* at 3 ¶ 10. Procare now argues that the Court should grant a discretionary stay of this matter until the state court litigation is resolved.[4] *See id.* at 5.

## II.  **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden of showing the necessity for a stay rests with the moving party, and is heightened when a stay will 'work damage' to another party." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (quoting *Landis*, 299 U.S. at 255). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). "When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731 (collecting cases).

---

[4] Elswick filed a motion for leave to file his opposition to Procare's motion to stay out of time. ECF 15. Elswick's opposition was due on February 5, 2026, and Elswick asserts that he "began submitting his Opposition during the evening of February 5," but "encountered technical difficulties" and could not file until February 6. *Id.* at 2 ¶¶ 1–2. In light of the modest delay and good cause having been shown, the Court will grant Elswick's motion for leave to file his opposition out of time.

## III.    ANALYSIS

Procare argues that because this suit involves "the same facts, circumstances and transactions as the claims Plaintiff made against Rogers" in the district court, and because "Rogers is in privity with Procare, the doctrine of res judicata bars those same claims from being relitigated in this lawsuit" upon conclusion of the state court action. ECF 12, at 4 ¶ 12. Accordingly, Procare asserts that a stay will advance judicial economy because any responsive pleading Procare files that seeks to dismiss the complaint on the basis of res judicata may be meaningfully impacted by the resolution of the state court appeal. *See id.*; *see also id.* at 3 n.3. Elswick counters that because Rogers has argued that Procare "is the only proper defendant" in state court, "Defendant cannot now argue the opposite to justify delaying this federal action." ECF 13, at 2. Specifically, Elswick argues that "[b]y framing the Rogers action as resolvable on purely legal grounds and by disavowing any factual inquiry" as necessary, "Defendant necessarily represented that adjudication of that case did not require factual findings" and thus "Defendant cannot now credibly argue that the Rogers appeal will control or materially narrow the factual issues in this federal action." *Id.* at 4.

This Court has before held that staying a federal action "pending final resolution of [ ] parallel state court proceedings" may be "appropriate for reasons of 'wise judicial administration' and 'conservation of judicial resources.'" *Sillers v. Washington Suburban Sanitary Comm'n*, Civ. No. JFM07-3088, 2008 WL 3822176, at *2 (D. Md. Aug. 7, 2008). As the late Judge Motz explained in a case in a similar posture, if the Court "were presently to conclude that the Circuit Court's ruling required [dismissal of] the instant action on res judicata grounds, and the Maryland state appellate courts were subsequently to reverse the Circuit Court's ruling, plaintiff would have

4

to re-file his federal suit."[5]  *Id.*  The claims at issue in the case captioned *Gary Elswick v. William Rogers*, Case No. D-07-CV-25-012960, appear at least "parallel" to those alleged in this Court. *Compare* ECF 1, at 7–10 (alleging Title VII and state tort claims arising out of Elswick's employment with Procare), *with* ECF 13-3, at 1–5 (moving to dismiss parallel claims in the state court action at an earlier stage of litigation).  Although the Defendant here has not yet filed a motion to dismiss or other responsive pleading, requiring Procare to file a response when the grounds for any motion to dismiss may be meaningfully impacted by ongoing state court proceedings would reflect unwise judicial administration and hinder judicial economy.  *Cf. Sillers*, 2008 WL 3822176, at *2; *Automated Sys. & Programming, Inc. v. Cross*, 176 F. Supp. 2d 458, 463 (D. Md. 2001) (staying a case pending resolution of ongoing legal proceedings between the parties in Maryland state court).  The Court further agrees with Procare that Elswick's labeling of the current appeal as one of "legal error" does not diminish the potentially preclusive effects of a final state court judgment on this litigation.  *See* ECF 18, at 2.  The Circuit Court's resolution of the noted appeal may affect whether the district court's judgment in the state court action is final, which may in turn affect the Court's adjudication of Procare's res judicata arguments advanced in a future pleading responsive to Elswick's complaint.

Elswick nevertheless argues that granting a stay would prejudice him because, due to Procare's relocation of its corporate offices and alleged failure to "promptly update its address information with the Maryland State Department of Assessments and Taxation," Elswick has been "required to expend additional effort to determine Defendant's correct corporate location for purposes of service and case administration."  ECF 13, at 5–6.  This argument fails for at least two

---

[5] Here, the state appeal is from district to circuit court, rather than from circuit to intermediate appellate court.  That distinction, however, is of no moment to the resolution of the motion to stay.

reasons. First, Procare's prior actions related to service have little bearing on whether a stay during the state action would prejudice Elswick going forward. Second, it is not clear that Procare's alleged delay in updating its address actually caused Elswick any prejudice, especially in light of the fact that Procare *waived* service, ECF 10, thus relieving Elswick of what would be his normal burden under the Federal Rules to ensure service of summons was properly executed.

Elswick also argues that "Defendant's request for a stay is further undermined by the undisputed timeline." ECF 13, at 2. He notes that the notice of appeal was filed in state court in October of 2025 and "Defendant's counsel had notice of that appeal at the time it was filed." *Id.* "In early January 2026," Elswick points out that "the appeal was transmitted to the Circuit Court as part of routine administrative processing, not due to any newly arising legal development." *Id.* "Shortly thereafter," he notes, "Defendant retained additional employment counsel," and twenty-four hours later Procare had "requested Plaintiff's agreement to a stay of this action." *Id.* Elswick contends that this "sequence" of events "confirms that defendant was aware of the appeal for months before the initiation of federal proceedings" and thus his "failure to seek a stay until after this case commenced weighs strongly against" granting the stay now. *Id.* at 3.

Elswick's argument fails to persuade. First, Procare could not have sought a stay of this case before the case itself had commenced. Second, Elswick has not shown that Procare meaningfully delayed in filing its motion to stay. To the contrary, Procare executed a waiver of service at the beginning of January 2026 and, well in advance of its deadline to answer the complaint, filed a motion to stay proceedings. *See* ECF 10 (waiver of service); ECF 12 (motion to stay). That Procare may or may not have filed its motion due to retainment of "additional employment counsel," ECF 13, at 2, has no bearing on whether the Court should grant the motion.

Having found judicial economy promoted and Elswick not meaningfully prejudiced by a stay, the Court will thus grant Procare's motion to stay the case pending the resolution of the state court appeal. The Court notes that its decision on the motion to stay does not reflect a view on the merits of Procare's arguments regarding res judicata. Elswick is free to advance arguments against Procare's invocation of that doctrine if and when the time comes. But for now, this case will be stayed pending the resolution of the state court appeal.

## IV.     CONCLUSION

For the foregoing reasons, Elswick's motion to file his opposition out of time is granted, Procare's motion to stay during the pendency of the state court appeal is granted, and Procare's motion for extension of time to respond to the complaint is granted in part. The parties shall file a joint status report within seven (7) days of the Circuit Court's resolution of the appeal. The status report shall advise the resolution of the state court matter and whether the parties consent to lifting the stay. If the parties consent to lifting the stay, they shall also propose to the Court a schedule for Defendant's response to Plaintiff's complaint and any subsequent briefing.

A separate implementing order will issue.


Dated: February 18, 2026                                         /s/
                                                            Brendan A. Hurson
                                                            United States District Judge